IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FO2GO LLC,

        Plaintiff;

v.

KEEPITSAFE, INC.,

        Defendant.

Civil Action No. 18-807-RGA

MEMORANDUM OPINION

Stamatios Stamoulis, STAMOULIS & WEINBLATT LLC, Wilmington, DE; David R. Bennett, DIRECTION IP LAW, Chicago, IL, attorneys for Plaintiff.

Melanie K. Sharp, James L. Higgins, and Michelle M. Ovanesian, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, DE; Guy Ruttenberg and Michael Eshaghian, RUTTENBERG IP LAW, A PROFESSIONAL CORPORATION, Los Angeles, CA, attorneys for Defendant.

April 16, 2019


ANDREWS, U.S. DISTRICT JUDGE:

Currently pending before the Court is Defendant's Motion to Dismiss the First Amended Complaint under Rule 12(b)(6). (D.I. 11). The parties have fully briefed the issues. (D.I. 12, 15, 16). After full consideration of the briefing, Defendant's motion is granted-in-part and denied-in-part.

I.  **BACKGROUND**

Plaintiff FO2GO LLC filed suit against j2 Global, Inc. on May 29, 2018. (D.I. 1). After discussions between FO2GO and j2 revealed that the correct defendant was KeepItSafe, Inc., FO2GO amended the Complaint to assert patent infringement of U.S. Patent No. 9,935,998 ("the '998 patent") against Defendant KeepItSafe. (D.I. 9). The patent-in-suit "relates to digital cameras that 'include a radio frequency (RF) transceiver for transmitting digital photos to a remote destination according to user preferences.'" (D.I. 9 ¶ 11 (quoting '998 patent at col.1:16-19)). KeepItSafe has now moved to dismiss the complaint in its entirety. (D.I. 11)

II.  **LEGAL STANDARD**

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial

1

plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

The Court of Appeals for the Federal Circuit has addressed the issue of the sufficiency of a patent infringement complaint on multiple occasions. It seems apparent to me that the Court's view is that very little is required in order to plead a claim of patent infringement. For example, in *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018), the Court reversed a district court dismissal of a patent infringement complaint. In relevant part, the Court of Appeals stated:

> The district court determined that Disc Disease failed to "explain how Defendants' products infringe on any of Plaintiff's claims" because it "merely alleges that certain of Defendants' products 'meet each and every element of at least one claim' of Plaintiff's patents." We disagree. Disc Disease's allegations are sufficient under the plausibility standard of *Iqbal/Twombly*. This case involves a simple technology. The asserted patents, which were attached to the complaint, consist of only four independent claims. The complaint specifically identified the three accused products—by name and by attaching photos of the product packaging as exhibits—and alleged that the accused products meet "each and every element of at least one claim of the '113 [or '509] Patent, either literally or equivalently." These disclosures and allegations are enough to provide VGH Solutions fair notice of infringement of the asserted patents. The district court, therefore, erred in dismissing Disc Disease's complaint for failure to state a claim.

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d at 1260 (citations omitted).

### III. DISCUSSION

#### A. Direct Infringement

KeepItSafe asserts that FO2GO has not adequately pled a plausible claim of direct infringement because FO2GO "does not allege that KeepItSafe makes, sells, offers for sale, uses,

2

or imports the hardware elements of the claimed invention." (D.I. 12 at 7). FO2GO argues that it has adequately pled direct infringement both under *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015) (en banc) and under the "use" prong of § 271(a) because it alleges that KeepItSafe employees use the entire SugarSync system on cameras provided by KeepItSafe. (D.I. 15 at 9).

I do not understand FO2GO's First Amended Complaint to allege that FO2GO makes, sells, offers for sale, or imports the entirety of the system claimed in the '998 patent. I understand FO2GO's theory of direct infringement to be that KeepItSafe provides the majority of the claimed system to the customers, but the customers complete the system when they use the accused instrumentality. FO2GO states that it has pled direct infringement under *Akamai*. (D.I. 15 at 9 (citing *Akamai*, 797 F.3d at 1023)). However, FO2GO misunderstands the *Akamai* opinion. The Federal Circuit there held that direct infringement may be found "when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented *method* and establishes the manner or timing of that performance." *Id.* (emphasis added). *Akamai* does not broaden the scope of direct infringement for system claims. *Centillion Data Systems, LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279 (Fed. Cir. 2011) is the controlling case. In *Centillion*, the Federal Circuit held that where the customer completes the system by providing a claim element and installing the software, the software manufacturer could not be held liable as a direct infringer. *Id.* at 1288. The Federal Circuit has continued to positively cite *Centillion* post-*Akamai*. Thus, FO2GO has not adequately pled that KeepItSafe sells or offers to sell the entire infringing system.

However, to the extent that FO2GO alleges that KeepItSafe makes and uses some systems by providing the digital camera apparatus to their employees (D.I. 9 ¶ 18), FO2GO has

3

sufficiently pled a claim of direct infringement under *Centillion*. Therefore, I deny KeepItSafe's motion as to direct infringement.

## B. Contributory Infringement

KeepItSafe asserts that FO2GO has failed to properly plead a claim of contributory infringement because FO2GO has not adequately pled that KeepItSafe (1) had knowledge of the '998 patent, (2) sells products "especially made" for the combination's infringing use, 3) had knowledge of the infringing use, (4) provided products with no substantial noninfringing use, or (5) that the combination product directly infringed.[1] (D.I. 12 at 10-14). FO2GO argues that it has sufficiently alleged contributory infringement because the allegations in the First Amended Complaint are more detailed than those in previous litigation on predecessor patents. (D.I. 15 at 15).

To adequately allege contributory infringement under 35 U.S.C. § 271(c), the complaint must allege that the defendant: "(1) had knowledge of the patent; (2) sold products especially made for the combination product's infringing use; (3) had knowledge of the infringing use; (4) sold products with no substantial noninfringing use; and (5) the combination product directly infringed." *HSM Portfolio LLC v. Fujitsu Ltd.*, 2014 WL 4468088, at *1 (D. Del. Sept. 9, 2014) (cleaned up).

---

[1] KeepItSafe also asserts that the First Amended Complaint is a supplemental pleading under Federal Rule of Civil Procedure 15(d) and therefore is an improper pleading because FO2GO did not move for permission to file a supplemental pleading. (D.I. 12 at 11). This is the first time this issue has been raised in front of me in a patent case, despite the common practice of amending pleadings to include post-complaint causes of action for indirect infringement. I do not believe I need to determine whether the pleading is a supplemental pleading or an amended one. The right to file supplemental pleadings, like amended pleadings, is to be granted liberally. *See Micron Tech., Inc. v. Rambus, Inc.*, 409 F. Supp. 2d 552, 558 (D. Del. 2006). Given the early stage of the case and the common practice of amending complaints to include post-complaint indirect infringement, I will allow Plaintiff's Complaint to stand if it otherwise meets the pleading requirements of Rule 8.

4

After reviewing the First Amended Complaint, I determine that FO2GO has pled sufficient facts to allege a facially plausible claim of contributory infringement. (*See* D.I. 9 ¶ 19 (knowledge of the patent), ¶ 23 (especially made for infringing use), ¶¶ 19, 22-23 (knowledge of infringing use), ¶ 23 (product is not suitable for substantial noninfringing use), ¶¶ 20-21 (combination system directly infringed)). FO2GO's factual allegations are more than boilerplate. The First Amended Complaint describes how the accused product works (D.I. 9 ¶ 14) and how direct infringement may occur by a user (*id.* ¶¶ 20-21). The Complaint also clearly sets out facts supporting an allegation that the SugarSync system has no substantial noninfringing use. (*Id.* ¶ 23 ("[T]he SugarSync accused instrumentality is a system designed for photos taken on a wireless camera device to be viewed, uploaded, and shared wirelessly to a server for organization, storage, and distribution using a database, and is therefore not a staple article or commodity of commerce suitable for substantially noninfringing use.")).

As to knowledge of the patent and infringing use by the accused product, however, FO2GO's allegations rely on notice given to KeepItSafe's parent corporation, j2 Global, through the original Complaint in this action. (*Id.* ¶¶ 19, 22-23 (by reference)). Notice to a parent corporation, without more, is insufficient to support allegations that the subsidiary had knowledge of the patent or infringing use. *See Varian Med. Sys., Inc. v. Elekta AB*, 2016 WL3748772, at *5 (D. Del. July 12, 2016) (report and recommendation) (bare facts of parent-subsidiary relationship not enough to impute knowledge to subsidiary). Therefore, I deny KeepItSafe's motion to dismiss as to the contributory infringement claims from the time after the FAC was filed and grant the motion as to the time period before the FAC was filed.

## C. Induced Infringement

KeepItSafe asserts that FO2GO fails to adequately plead induced infringement because it failed to allege the existence of direct infringement, that KeepItSafe had knowledge of the '998 patent, that KeepItSafe knew or should have known that another's acts would result in direct infringement, and that KeepItSafe had the specific intent to induce infringement. (D.I. 12 at 15). FO2GO argues that it has sufficiently alleged induced infringement because the allegations in the First Amended Complaint are more detailed than those in previous litigation. (D.I. 15 at 15).

To plead a claim of induced infringement under § 271(b), the complaint must allege that (1) there has been direct infringement, (2) the defendant knowingly induced infringement, and (3) the defendant possessed the intent to encourage another's infringement. *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). To sufficiently plead the "knowingly induced" element, the complaint must allege the defendant had knowledge of the patent and knew that the induced acts constituted patent infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011); *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009).

After reviewing the First Amended Complaint, I determine that FO2GO has adequately pled a claim of induced infringement. (*See* D.I. 9 at ¶¶ 20-21 (direct infringement)[2], ¶ 19 (knowledge of the patent), ¶¶ 19, 22-23 (knowledge that induced acts constituted patent infringement), ¶¶ 21-22 (intent to encourage infringement)). FO2GO has sufficiently pled direct infringement by users of the SugarSync accused instrumentality. As addressed previously, FO2GO has adequately pled that KeepItSafe had knowledge of the patent and knowledge that

---

[2] While FO2GO does not mention the "server communication device" element by name, I take the factual allegations in ¶ 20 to support infringement of that element. (D.I. 9 ¶ 20). Similarly, I understand the factual allegations in ¶ 15 to support the presence of a database sorting recipient code data for direct infringement.

induced acts constituted patent infringement after the filing of the First Amended Complaint. Finally, I determine that FO2GO has provided sufficient factual allegations to plausibly allege intent to induce. (*Id.* ¶ 22). Therefore, I deny KeepItSafe's motion to dismiss as to induced infringement after the filing of the First Amended Complaint and grant the motion as to a claim for induced infringement before it was filed.

### D. Pre-Suit Damages

Finally, KeepItSafe asserts that FO2GO has failed to state a claim for patent infringement seeking pre-suit damages because it has failed to make an affirmative statement regarding notice or marking. (D.I. 12 at 17). FO2GO asserts that it has made an affirmative statement of constructive notice and has thereby satisfied the pleading requirement for pre-suit marking. (D.I. 15 at 24).

I agree with FO2GO. "[A]t the pleading stage it is sufficient to allege that the accused infringer had knowledge of the asserted patents." *Applied Materials, Inc. v. Muto Tech., Inc.*, 2018 WL 4999972, at *3 (W.D. Tex. Sept. 5, 2018). FO2GO has alleged that KeepItSafe had "constructive notice by operation of law." (D.I. 9 ¶ 26). I therefore conclude that FO2GO has adequately raised the issue of pre-suit damages at the pleading stage.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted-in-part and denied-in-part. As Plaintiff has requested leave to amend (D.I. 15 at 25), and Defendant has not opposed this request, I will grant Plaintiff leave to amend or supplement the Complaint.

An accompanying order will be entered.